UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME CARRILLO-LEANOS, (A-Number: 095-819-628),

        Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

        Respondent.

Case No.  1:26-cv-2824-DJC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Jaime Carrillo-Leanos, a citizen of Mexico, entered the United States prior to 2003 without being admitted or paroled after inspection by an immigration officer.  ECF No. 8 at 1.  He has been convicted of several felonies, including a burglary in 2003 that resulted in a final administrative removal order and his removal in February 2004.  *Id.* at 19, 25-26, 35.  Petitioner returned by August 2005 and was convicted of illegal reentry, leading to another removal in 2010.  *Id.* at 19, 35.  He again reentered in 2021.  ECF No. 1 at 24.  Petitioner was arrested by ICE on February 20, 2026.  ECF No. 8 at 36.  He has been in immigration custody for almost three months.

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his re-detention without a bond hearing violates the Fifth Amendment.  ECF No. 1.  For the following reasons, I recommend that the petition be denied.

1

**Procedural History**

On April 14, 2026, petitioner filed a pro se petition for writ of habeas corpus.[1]  ECF No. 1.  Respondent filed an answer on April 24, 2026.  ECF No. 8.  Petitioner filed a traverse on May 7, 2026.  ECF No. 11.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention without a bond hearing violates the law.  ECF No. 1.  In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026).  Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A) because of his criminal history, which they assert includes an offense "covered in [8 U.S.C.] section 1182(a)(2). . . ."  ECF No. 8 at 1.  Respondent specifically argues that petitioner's criminal history involves conviction of "2 or more offenses . . . for which the

---

[1] Petitioner filed a motion for appointment of counsel.  ECF No. 2.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  *See* Rule 8(c), Fed. R. Governing § 2254 Cases.  I do not find that the interests of justice require appointment of counsel at the present time.  Petitioner's motion to appoint counsel is therefore denied.

aggregate sentences to confinement were 5 years or more. . . ."  *See id.* at 1-2 (citing 8 U.S.C. § 1182(a)(2)(B)).

Petitioner has previously been ordered removed from the United States based on a "burglary conviction which is no longer an aggravated felony under the INA."  *Id.* at 35. According to respondent, petitioner was sentenced in 2005 to an indeterminate term of seven years in prison for his burglary conviction, with a determinate term of one year.  *Id.* at 25.  In 2006, petitioner was sentenced to 24 months in prison for his federal conviction for illegal reentry.  *Id.* at 19.

Petitioner does not challenge the statutory ground for his detention.  Pursuant to section 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing."  *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023); *see* 8 U.S.C. § 1226(c)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as applied challenge is not foreclosed. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025).  "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'"  *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some

3

point—violate the right to due process.'" *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026).

As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026), "Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort." *See also Keo*, 2025 WL 1029392, at *5 (collecting cases). Petitioner argues for a bright-line six-month standard, *see* ECF No. 1 at 8, but has been detained less than three months. In the alternative, petitioner argues that the *Mathews* test for procedural due process applies.[2] ECF No. 1 at 10; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

I find that petitioner's due process claim cannot prevail as his nearly three-month detention has not yet become prolonged. *See Demore*, 538 U.S. at 530-531 (six-month detention under § 1226(c) "constitutionally permissible"); *Romero Mendoza*, 2026 WL 905112 (three months not prolonged). Courts finding prolonged mandatory detention under section 1226(c) have based their findings on detention periods substantially longer than three months. *See Pacheco v. Warden of the Cal. Det. Facility*, No. 1:26-cv-1047-DJC-CSK, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), *findings and recommendations adopted*, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (one year); *Lopez v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-01525-CSK, 2026 WL 834573, at *3 (E.D. Cal. Mar. 26, 2026) (over ten months); *Palencia v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-1058-DJC-CSK, 2026 WL 818580, at

---

[2] In the traverse, petitioner argues a different due process ground: that he should have received a pre-deprivation hearing prior to being put into immigration custody. ECF No. 11 at 2. Petitioner has not shown that he has ever "accrued a liberty interest after being previously released by DHS or an IJ." *Romero Mendoza v. Warden*, No. 1:26-cv-01116-TLN-SCR, 2026 WL 905112, at *4 (E.D. Cal. Apr. 2, 2026). Rather, every time that respondent encountered petitioner, it placed him into custody and removed him. ECF No. 8 at 2-4, 35-36. Accordingly, he has not acquired a protected liberty interest in a pre-deprivation hearing under these circumstances.

*3 (E.D. Cal. Mar. 25, 2026), *findings and recommendations adopted*, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (over eight months); *Keo*, 2026 WL 747117, at *2 (over 37 months).

Accordingly, on this record, petitioner's constitutional claims cannot prevail. *See Rakeshkumar H.P.*, 2026 WL 1146201, at *2; *see also Romero Mendoza*, 2026 WL 905112, at *4 (applying *Mathews* and finding that three-month detention did not implicate "protected interest against prolonged detention").

I recommend that his petition for writ of habeas corpus be denied.

### Conclusion

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 2, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5